IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| E-Z-DOCK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-5008-CV-SW-WAK |
| | ) | |
| SHOREMASTER, INC., | ) | |
| 1025 International Dr. | ) | |
| Fergus Falls, MN 55638, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff E-Z-Dock, Inc., and for its complaint against Defendant, states as follows:

## PARTIES

1. Plaintiff E-Z-Dock, Inc. ("EZ Dock") is a Minnesota corporation with its principal place of business located at 878 Highway 60, Monett, Barry County, Missouri, and is engaged in the manufacture and sale of floating docks, platforms, lifts, ports and accessories thereto.

2. Defendant ShoreMaster, Inc. ("Shoremaster") is a Minnesota corporation with its registered office located at 1025 International Dr., Fergus Falls, Minnesota. Shoremaster manufactures, has manufactured for them, uses, offers for sale, sells and/or imports into the United States and this State floating docks, dock systems, ports, and accessories used in boating.

## JURISDICTION AND VENUE

3. This action arises under the laws of the United States, including the Patent Act (35 U.S.C. § 1 et seq.).

4. Defendant does business in this District.

5. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper under 28 U.S.C. §§ 1391 and 1400.

## THE PATENT

6. EZ Dock owns United States Patent No. 5,281,055, duly and legally issued January 25, 1994 with named inventors Jack Neitzke and Clifton Vierus, entitled "Floating Dock" (hereafter the "Neitzke/Vierus Patent," attached as Exhibit A hereto). The Neitzke/Vierus Patent is valid and enforceable. On August 14, 2001, the U.S. Patent And Trademark Office issued Reexamination Certificate No. 5,281,055C1 for the Neitzke/Vierus Patent. The Reexamination Certificate confirmed the patentability of the original claims of the Neitzke/Vierus Patent and issued additional claims. A copy of the Reexamination Certificate is attached as Exhibit B hereto. EZ Dock's products were marked with notice of the Neitzke/Vierus Patent.

## DEFENDANT'S INFRINGEMENT OF U.S. PATENT NO. 5,281,055

7. E-Z Dock hereby incorporates by reference the foregoing paragraphs.

8. Defendant's floating docks, dock systems, ports, and accessories are covered by one or more of the claims of the Neitzke/Vierus Patent.

9. Defendant has infringed the Neitzke/Vierus Patent, and continues to commit such acts of infringement, by making, using, selling, offering for sale, selling and/or importing into the United States floating docks, dock systems and accessories, and/or has induced others to so infringe and/or contributed to such infringement by others, all in violation of 35 U.S.C. § 271.

10. Defendant had knowledge of the Neitzke/Vierus Patent prior to committing the foregoing infringing acts. Defendant's patent infringement is willful, in bad faith and continuing, and EZ Dock has no adequate remedy at law for such infringement.

11. Unless enjoined by this Court, Defendant will continue with the aforesaid infringement of the Neitzke/Vierus Patent.

12. EZ Dock has suffered and will continue to suffer substantial harm and monetary damages as a direct and proximate result of Defendant's infringements; however, the amount of such monetary damages is difficult or impossible to calculate. EZ Dock, therefore, has been, and will continue to be, irreparably damaged by the acts of Defendant as complained of herein, and EZ Dock has no adequate remedy at law.

WHEREFORE, Plaintiff prays:

(a) That EZ Dock be awarded damages for Defendant's patent infringement;

(b) That because of the exceptional nature of this case, EZ Dock be awarded enhanced damages for Defendant's patent infringement pursuant to 35 U.S.C. § 284;

(c) For an award of interest, costs and attorneys' fees pursuant to 35 U.S.C. § 285;

(d) For preliminary and permanent injunctions prohibiting Defendant from infringing the Neitzke/Vierus Patent by the manufacture, sale, offer for sale, use or importation of any devices or things covered by the Neitzke/Vierus Patent;

(e) For an order requiring Defendant to deliver to EZ Dock, for destruction or such other disposition as the Court may direct, all devices and things in Defendant's possession or control covered by the Neitzke/Vierus Patent, or used to induce or contribute to the infringement of the Neitzke/Vierus Patent;

(f) Such other relief as the Court may deem just and proper.

SPENCER FANE BRITT & BROWNE LLP

By: /s Patrick J. Whalen
    Patrick J. Whalen, #45594
    Kyle L. Elliott, #49145
    Christopher J. Eaton, #46850
    1000 Walnut Street, Suite 1400
    Kansas City, MO 64106-2140
    (816) 474-8100
    (816) 474-3216 (facsimile)
    pwhalen@spencerfane.com
    kelliott@spencerfane.com

    Gerald P. Greiman, #26668
    1 North Brentwood Blvd., Suite 1000
    St. Louis, MO 63105-3925
    (314) 863-7733
    (314) 862-4656 (facsimile)
    ggreiman@spencerfane.com

    ATTORNEYS FOR PLAINTIFF