IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| E-Z DOCK, INC., | ) | |
| | ) | |
|     Plaintiff/Counter Defendant, | ) | |
| | ) | |
| vs. | ) | Case No. 06-5008-CV-SW-RED |
| | ) | |
| SHOREMASTER, INC., | ) | |
| | ) | |
|     Defendant/Counter Claimant. | ) | |

**ORDER**

NOW before the Court is Plaintiff's Motion to Dismiss Counts I Through III of Defendant's Counterclaims (Doc. 11), Suggestions in Support of Plaintiff's Motion to Dismiss Counts I Through III of Defendant's Counterclaims (Doc. 12), Defendant's Suggestions in Opposition to Motion to Dismiss (Doc. 13), Reply Suggestions in Support of Plaintiff's Motion to Dismiss Counts I Through III of Defendant's Counterclaims (Doc. 16).

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 545-46 (8th Cir.1997) (*quoting Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982) (citation omitted) (emphasis added)). The complaint must be liberally construed in the light most favorable to the plaintiff and should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *See Parnes*, 122 F.3d at 546. And when considering a motion to dismiss for failure to state a claim, a court must accept the facts alleged in the complaint as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). In this case, the Motion before the court is to dismiss a counterclaim, so the counterclaims will be construed in light favorable to the

Defendant/Counterclaim Plaintiff ("Defendant" herein).

Plaintiff seeks to dismiss Count I of Defendant's Counterclaims, the claim for patent misuse. Plaintiff asserts that patent misuse is an affirmative defense, and thus it is not appropriate to assert it as a separate claim. In *Bernhardt LLC v. Collezione Europa USA, Inc.*, 2002 WL 1602447 (M.D. N.C.) the court noted that dismissal of a patent misuse counterclaim is appropriate since it is a defense, not an affirmative claim.

> The Federal Circuit explains that patent misuse is not an affirmative claim, but rather a defense that "results in rendering the patent unenforceable until the misuse is purged." *B. Braun Med., Inc. v. Abbott Labs.,* 124 F.3d 1419, 1427 (Fed. Cir.1997); *see also Virginia Panel Corp. v. Mac Panel Co.,* 133 F.3d 860, 868 (Fed. Cir.1997) ("Patent misuse is an affirmative defense to an accusation of patent infringement."). Defendant's characterization of patent misuse as a claim for relief fails because "the defense of patent misuse may not be converted to an affirmative claim for damages simply by restyling it as a declaratory judgment counterclaim." *B. Braun Med.,* 124 F.3d at 1428.

*Bernhardt L.L.C.*. 2002 WL 1602447, *2 (M.D.N.C. 2002). Accordingly, this Court finds that the rationale of the *Bernhardt* court is well founded and that Defendant's counterclaim for patent misuse is due to be dismissed. Although Defendant cites some cases in its brief where patent misuse counterclaims were allowed, none of these cases appear to squarely address the question presented here - whether such a counterclaim is appropriate. All of the precedent addressing that issue appears clear that patent misuse is a defense, not a counterclaim.

Plaintiff also challenges Count II of Defendant's Counterclaims, the claim for attempted monopolization. Plaintiff claims that Defendant must allege market power, market characteristics, product substitution, and cognizable injury to properly assert this counterclaim, and has failed to do so.

At the very least, it appears that Defendant has failed to properly allege the product market

2

characteristics. To demonstrate a monopolization violation of section 2 of the Sherman Act, a plaintiff (or, in this instance, a counterclaimant) must show: "(1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." *United States v. Grinnell Corp.,* 384 U.S. 563, 570-71 (1966); *see also Spectrum Sports, Inc. v. McQuillan,* 506 U.S. 447, 455 (1993) ("the plaintiff charging attempted monopolization must prove a dangerous probability of actual monopolization, which has generally required the definition of the relevant market and examination of market power").

To meet this burden, an antitrust plaintiff must establish the geographic scope of the market and define the actual product market. *See PepsiCo,* 315 F.3d at 105 ("[I]t is necessary to define the relevant product and geographic market . . .. A relevant product market consists of 'products that have reasonable interchangeability for the purposes for which they are produced-price, use and qualities considered.' ") (quoting *United States v. E.I. du Pont de Nemours & Co.,* 351 U.S. 377, 404 (1956)); *see also United States v. Microsoft Corp.,* 253 F.3d 34, 81 (D.C.Cir.) (en banc) (per curiam) ("Defining a market . . . involves . . .a detailed description of the purpose of [the product]-what functions may be included and what are not-and an examination of the substitutes that are part of the market and those that are not."), *cert. denied,* 534 U.S. 952 (2001). "Products will be considered reasonably interchangeable if consumers treat them as 'acceptable substitutes.' " *PepsiCo,* 315 F.3d at 105 (quoting *FTC v. Cardinal Health, Inc.,* 12 F.Supp.2d 34, 46 (D.D.C.1998)). The party alleging a violation of the antitrust laws has the burden of defining the relevant market and all of its relevant parts. *See, e.g., Virgin Atl. Airways Ltd. v. British Airways PLC,* 257 F.3d 256, 273 (2d Cir.2001) (affirming summary judgment where plaintiff "failed to define in which markets

3

[defendant] supposedly exercised monopoly power").

As one court has noted: [A]n antitrust complaint must explain why the market it alleges is the relevant, economically significant product market . . .. Because a relevant market includes all products which are reasonably interchangeable, ·'[p]laintiff's failure to define its market by reference to the rule of reasonable interchangability is, standing alone, valid grounds for dismissal." '*B.V. Optische Industrie De Oude Delft v. Hologic, Inc.*, 909 F.Supp. 162, 171-72 (S.D.N.Y.1995) (quoting *E & G Gabriel v. Gabriel Bros., Inc.,* 1994 WL 369147, at *3 (S.D.N.Y. June 13, 1994)) (citation omitted). Thus, even on a motion to dismiss, an antitrust claim will be dismissed " '[i]f a complaint fails to allege facts regarding substitute products, to distinguish among apparently comparable products, or to allege other pertinent facts relating to cross-elasticity of demand." ' *Commercial Data Servers, Inc. v. Int'l Bus. Mach. Corp.,* 166 F.Supp.2d 891, 896 (S.D.N.Y.2001) (quoting *Re- Alco Indus. Inc. v. Nat'l Ctr. for Health Educ., Inc.,* 812 F.Supp. 387, 391 (S.D.N.Y.1993)) (citation omitted).

Defendant simply states that the "relevant market it rotomolded floating docks." Defendant offers no authority in opposition to Plaintiffs assertion that "simply repeating the product in which the patent is obtained is not sufficient to withstand a motion to dismiss." *Re-Alco Ind., Inc. v. Nat'l Center for Health Educ.*, 812 F. Supp. 391, 387 (S.D. N.Y. 1993). Moreover, "merely to define the relevant market in terms identical to the allegedly fraudulent patent" is defective. *E-Z Bowz v. Professional Product Research Co.*, 2003 WL 22068573 (S.D. N.Y. 2003). Defendant argues that *E-Z Bows* is distinguishable due to the extremely broad language used in that case. However, in *EZ Bowz* the relevant market was defined as the "domestic hand-tied bow-maker market." This is very similar to Defendant's articulation of the market and is insufficient to state a claim.

4

Plaintiff lastly asserts that Defendant's unfair competition counterclaim (Count III) is deficient. Defendant brings this counterclaim under the common law of Missouri and Minnesota. If Defendant is correct in asserting that bad faith litigation is an unfair competition claim under the common law of Missouri or Minnesota, Defendant still must plead Lanham Act Elements to state a claim. *See Swisher Mower & Machine Co. v. Haban Manuf., Inc.*, 931 F. Supp. 645 (W.D. Mo. 1996); *3M Innovative Properties Co. v. Du Pont Dow Elastomers LLC*, 361 F. Supp.2d 958 (D. Minn. 2005). Defendant has failed to plead any of these elements, and simply asserts that bad faith litigation is broader than Lanham act matters. However, the cases cited by Defendant for this proposition do not support his position. *See Jenkel-Davison Optical Comp. v. Roberts Instruments Comp.*, 1961 U.S. Dist LEXIS 3986 (E.D. MO. Mar. 31, 1961) (finding a defect on the face of the counterclaim for unfair competition where defendant merely alleged a patent and dissemination of the patent notice to the trade); *United HealthCare Ins. Co. v. Advance PCS*, 2003 U.S. Dist. LEXIS 17920 (D. Minn. Oct. 6, 2003) (holding that unfair competition counterclaim is not duplicative of tortious interference counterclaim). Thus, Defendant's third counterclaim (Count III) is due to be dismissed.

For the reasons stated above, Plaintiff's Motion to Dismiss Counts I Through III of Defendant's Counterclaims (Doc. 11) is hereby **GRANTED**. Count I, Count II, and Count III of Defendant's Counterclaims are hereby **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

DATED: April 25, 2006  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT