IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| E-Z-DOCK, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 06-5008-CV-SW-RED |
| | ) | |
| SHOREMASTER, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

## CONSENT JUDGMENT

The parties have stipulated to the entry of the Consent Judgment as follows:

1. Plaintiff E-Z Dock, Inc. ("EZ Dock") is a Minnesota corporation with a principal place of business in Monett, Missouri.

2. EZ Dock is the owner of all right, title, and interest in U.S. Patent No. 5,281,055, having named inventors Jack Neitzke and Clifton Vierus (hereafter the "Neitzke/Vierus Patent"). The Neitzke/Vierus Patent issued on January 25, 1994. On August 14, 2001, the United States Patent and Trademark Office issued Reexamination Certificate No. 5,281,055 CI for the Neitzke/Vierus Patent (hereafter the "Reexamination Certificate"). EZ Dock is the owner of the entire right, title, and interest in the Reexamination Certificate. The Reexamination Certificate confirmed that the original claims of the Neitzke/Vierus Patent were patentable, and the Reexamination Certificate issued eight additional patent claims.

3. Defendant ShoreMaster, Inc. ("Shoremaster") is a Minnesota corporation having its registered office in Fergus Falls, Minnesota.

4. This Court has jurisdiction and venue over the parties under 28 U.S.C. §§ 1331, 1332, 1338, 1391, and 1400.

5. The Neitzke/Vierus Patent, including its Reexamination Certificate, is valid and enforceable under the laws that govern.  Nothing contained herein is intended, or shall be construed, to limit any argument that may be asserted by any party in any future proceeding as to the proper construction of any claim of the said patent, or preclude any prior art from being used to construe any such claim.

6. Defendant Shoremaster has made, used, sold, and offered for sale floating docks and ports which infringe Claims 1-3, 5-6, and 8-20 of the Neitzke/Vierus Patent including its Reexamination Certificate.  The products which Shoremaster has made, used, sold, and offered for sale, which infringed the said claims, include those sold under the trade names PolyDock and ShortPort.  Shoremaster's infringement has not been willful.  This finding of infringement pertains solely to the products currently being made, used, sold, and offered for sale by Shoremaster, and shall not be used, or have any effect, in any future dispute which may arise between the parties hereto with respect to whether any claim in the Neitzke/Vierus Patent is infringed by any new, changed, or different product.

7. Defendant's counterclaims are dismissed with prejudice.

8. Each party shall bear its own costs and attorneys' fees.

**IT IS SO ORDERED.**

DATE:   November 26, 2007   */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT